# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DETRARA HOWARD,<br><br>                    Movant,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NO. 08 CV 2010 JM<br>CRIM. NO. 93 CR 0843<br><br>**ORDER DENYING MOTION FOR REDUCTION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>**Doc. No. 136** |

Detrara Howard, a federal prisoner proceeding *pro se*, moves for a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 1, "Mot.") The government opposes the motion. (Doc. No. 140, "Opp.") Movant did not submit a reply. The matter was taken under submission by the court pursuant to its order dated November 4, 2008. (Doc. No. 137.)

**I.  Background**

In October 1993, Howard was indicted on four charges, including armed bank robbery, in violation of 18 U.S.C § 2113(a)(d) (Count 1); use and carrying of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count 2); felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (e)(1) (Count 3); and felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (e)(1) (Count 4). (Opp. at 2.) Following a trial before The Honorable Manual L. Real,[1] Howard was convicted by a jury on Count 1 and by

---

[1] Judge Real was acting as a visiting U.S. District Judge for the Southern District of California.

1  Judge Real on Counts 3 and 4. (Id.) The jury hung on Count 2 and a mistrial was declared. (Id.) The
2  Presence Reports noted a maximum sentence of 25 years (300 months) on Count 1 and an
3  applicable sentencing range of 262-327 months for Counts 3 and 4. (Opp., App. A-1, A-2.) On March
4  4, 1994, Judge Real sentenced Howard to 300 months on Count 1 and 327 months for each of Counts
5  3 and 4, all to run concurrently. (Opp. at 3.)

6  Later in March 1994, Howard was convicted by a jury of Count 2 in a trial before Judge Judith
7  N. Keep. (Id.) Because the § 924(c) conviction carried a mandatory consecutive 60-month sentence,
8  Judge Keep added this term to Howard's previously imposed 327-month sentence. (Id.)

9  Howard appealed to the Ninth Circuit on various issues, winning a reversal of conviction on
10 Count 1 (armed bank robbery) upon a finding of judicial misconduct by Judge Real. (Id. at 4.)
11 Following remand, the government's motion to dismiss Count 1 was granted. (Id.) Howard filed a
12 motion seeking resentencing on Counts 3 and 4 only, asking for placement at the low end of the
13 guideline range (262 months) rather than the high end imposed by Judge Real (327 months). (Id. at
14 4, App. E-1.) Judge Keep denied the motion, finding the court had no jurisdiction to entertain it. (Id.
15 at 4.) Howard then appealed the denial to the Ninth Circuit, which affirmed the district court ruling.
16 (Id. at 4, App. F.) Finally, in September 1998, Howard sought relief in the form of a petition under
17 28 U.S.C. § 2255, but raised no sentencing issues. (Id. at 4.) Judge Keep denied the petition as well
18 as a subsequent request for a Certificate of Appealability, which was similarly denied by the Ninth
19 Circuit. (Id.)

20 According to Howard, he is entitled to relief because he was allegedly "double charged" for
21 a weapon-based offense, a situation he argues can be remedied by the retroactive effect of Amendment
22 599 to U.S. Sentencing Guidelines Manual (USSG) § 2K2.4. The bulk of Howard's motion is replete
23 with arguments that duplicate his long-ago denied motion for resentencing (Opp., App. D-1), in which
24 he again asks the court to place him at the low end of his guideline range for Counts 3 and 4. (Mot.
25 at 4-10.) While the court does have the authority to address the narrow issues raised by 18 U.S.C. §
26 3582(c)(2), such proceedings are not intended to "constitute a full resentencing of the defendant."
27 USSG § 1B1.10(a)(3). The court has no jurisdiction to entertain Howard's general challenges to his
28 sentence and does not entertain his arguments along those lines. On those points, Howard's exclusive

remedy is a petition under 28 U.S.C. § 2255, which he has already exhausted.

**II. Discussion**

  **A. Standard of Review**

Section 3582(c)(2) authorizes a court to modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)..." and to "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). To govern implementation of the statute, the Sentencing Commission issued USSG § 1B1.10 as the "applicable policy statement." See U.S. v. Hasan, 245 F.3d 682, 686 (8th Cir. 2001).

  **B. Analysis**

    *1. Application of Amendment 599 Does Not Alter Howard's Guideline Range*

Howard argues he is entitled to relief under Amendment 599. Amendment 599 eliminates "double charging" that resulted from imposing both the mandatory 60-month consecutive prison term for a § 924(c) possession conviction and a weapons-based enhancement for an underlying offense. Where a sentence under § 924(c) "is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." USSG § 2K2.4 cmt. n. 4 (2006). As the government notes, Amendment 599 was "an explicitly retroactive amendment that modified the Guidelines applicable to § 924(c) offenses." U.S. v. Hicks, 472 F.3d 1167, 1168 (9th Cir. 2007); USSG § 1B1.10(c).

The government contends Amendment 599 does not apply to Howard's situation because Howard was not convicted of § 924(c) and armed robbery at the same time. (Opp. at 9-10.) This position is unpersuasive because Howard was ultimately sentenced on both counts. The government also argues the amendment does not apply because Howard's "total sentence on those two convictions, being duplicative of the same illegal conduct, has to have been increased by enhancements." (Opp. at 9.) This position carries more weight. The Presentence Reports do employ a weapons enhancement

1 in determining an adjusted offense level of 27 for the armed robbery conviction. (Opp., App. A-1 at
2 19, A-2.) However, Howard's final guideline range was not determined based on the armed robbery
3 count. Rather, Howard's adjusted offense level of 34 and resulting 262-327 month guideline range
4 stemmed from his § 922(g) convictions (Counts 3 and 4). (Opp., App. A-1 at 20, A-2.) The armed
5 robbery sentence was imposed concurrently with the § 922(g) sentences and was subsumed by them.
6 Thus, even without the weapons enhancement, the guideline sentencing range would have been based
7 on the § 922(g) adjusted offense level of 34. According to USSG § 1B1.10(a)(2), an allowable
8 "reduction in the defendant's term of imprisonment...is not authorized under 18 U.S.C. § 3582(c)(2)
9 if...[Amendment 599] does not have the effect of lowering the defendant's applicable guideline range."
10 Without any effect on the resulting sentence range, Amendment 599 provides Howard with no avenue
11 for relief.

### *2. Amendment 674 Would Apply but Has No Retroactive Effect*

13 Interestingly, even though Howard is not in the exact situation contemplated by Amendment
14 599, he was "double charged" for the weapons use. For Counts 3 and 4, Howard was subject to an
15 enhanced sentence under the Armed Career Criminal provisions of 18 U.S.C. § 924(e). (Opp., App.
16 A-1 at 20.) Under USSG § 4B1.4(b),

> [t]he offense level for an armed career criminal is the greatest of: (1) the offense level determined by Chapters 2 and 3; (2) the offense level for a career offender; *or (3)(A) a level 34, if the defendant used or possessed the firearm or ammunition in connection with a crime of violence....; or (B) 33, otherwise."*

20 USSG § 4B1.4(b) (2004)(emphasis added). Howard was deemed a level 34 using USSG §
21 4B1.4(b)(3)(A).

22 Amendment 674 to USSG § 4B1.4 was promulgated in 2004. The guideline now reads, "If
23 a sentence under this guideline is imposed in conjunction with a sentence for a conviction under ...§
24 924(c), do not apply...(b)(3)(A)" as "a sentence under...§ 924(c) accounts for the conduct covered
25 by...(b)(3)(A)...because of the relatedness of the conduct covered by these subsections to the conduct
26 that forms the basis for the conviction under...§924(c)...." USSG § 4B1.4, cmt. n. 2 (2004). This
27 amendment applies more directly to Howard's predicament, since he was sentenced for both § 924(c)
28 and § 922(g). Under the Armed Career Criminal section, Howard's offense level would now be

calculated without reference to USSG § 4B1.4(b)(3)(A) but instead based on USSG § 4B1.4(b)(3)(B). Under that section, Howard's offense level is a 33, with a concomitant reduction on his guideline sentencing range to 235-293 months.[2]

Unfortunately for Howard, his fight ends here because Amendment 674 has no retroactive effect. A district court must be authorized by statute or rule to reduce a sentence that has become final. See 18 U.S.C. § 3582(c); U.S. v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999). Section 3582(c)(2) provides one source of authority, but only applies if "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission has not identified Amendment 674 as a retroactively applicable amendment by listing it in USSG § 1B1.10(c). Reduction of Howard's sentence using that amendment would therefore run counter to the policy statement and is not authorized.[3]

**III. Conclusion**

For the reasons set forth above, the motion for a reduction of Howard's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 20, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

---

[2] The government submitted information showing Howard would have been a level 33 if he had been sentenced on Counts 3 and 4 alone, also based on USSG § 4B1.4(b)(3)(B). (Opp., App. E-2 at 11, n.6.) Since Amendment 674 precludes further weapons enhancement when a defendant is subject to the mandatory § 924(c) sentence, Howard could not attain an offense level higher than 33 through the Armed Career Criminal mechanism.

[3] Even if Amendment 674 were retroactive, Howard may not be entitled to relief because his offense level could alternatively be based on his career offender designation. See USSG § 4B1.4(b)(2). Given the recent increases in penalties for career offenders, he would likely still rate an offense level of 34. See USSG § 4B1.1, Amend. 642 (2002).