UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DETRARA HOWARD,<br><br>　　　　　　　　　　　　Defendant. | Crim. Case No.:  93cr843 JM<br><br>Civil Case Nos.:  16cv1538 JM<br>　　　　　　　　　　　16cv2709 JM<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** |

　　　　This matter comes before the court on Defendant Detrara Howard's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). (Doc. Nos. 148, 151.)  For the following reasons, the court grants Howard's motion.

## BACKGROUND

　　　　In October 1993, Howard was indicted on four charges: armed bank robbery, in violation of 18 U.S.C § 2113(a), (d) (Count 1); use and carrying of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count 2); felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 3); and felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 4).  Howard was convicted by a jury on Count 1 and by a judge on Counts 3 and 4.  The jury hung on Count 2 and a mistrial was declared.

Howard's presentence report noted a maximum sentence of 300 months on Count 1 and an applicable sentencing range of 262–327 months for Counts 3 and 4.  In March 1994, Howard was sentenced to 300 months on Count 1 and 327 months for each of Counts 3 and 4, all to run concurrently.  In imposing the 327-month sentence, the judge applied the Armed Career Criminal Act ("ACCA"), finding that Howard's numerous prior convictions for robbery under California Penal Code section 211 ("California robbery") and single conviction for assault with a deadly weapon, Cal. Penal Code § 245(a)(1), were "violent felonies" under ACCA.  Later that month, Howard was retried on Count 2 and convicted by a jury.  Because the section 924(c) conviction carried a mandatory consecutive 60-month sentence, the judge added this term to Howard's previously imposed 327-month sentence.

Howard appealed to the Ninth Circuit on various issues, winning a reversal of conviction on Count 1, which the government dismissed following remand.[1]  Howard then filed a motion seeking resentencing on Counts 3 and 4, asking for placement at the low end of the guideline range rather than the high end.  The judge denied the motion, finding the court did not have jurisdiction to entertain it.  (Doc. No. 95.)  Howard appealed that denial to the Ninth Circuit, which affirmed the district court.  (Doc. No. 109.)  Thus, in total, Howard was sentenced to 327 months for Counts 3 and 4 and an additional 60 months for Count 2.

In September 1998, Howard filed a section 2255 motion, but raised no sentencing issues.  (Doc. No. 110.)  Instead, Howard argued that the trial court used incorrect jury instructions, that his counsel erred by stipulating to his status as a convicted felon, and that he was denied a fair jury trial.  The judge denied the petition, (Doc. No. 129), and a request for a certificate of appealability, (Doc. No. 131), which the Ninth Circuit denied as well, (Doc. No. 133).  In October 2008, Howard sought relief under 18 U.S.C.

---

[1] Given that the Ninth Circuit reversed Howard's conviction on Count 1, the 300-month sentence attributable to that conviction does not factor into the motion before the court.

§ 3582(c)(2). (Doc. No. 136.) Howard's case was transferred to this court, and this court denied that motion. (Doc. No. 141.)

On June 17, 2016, Howard filed the instant motion[2] and notified the court he had also filed an application for leave to file a second or successive motion to vacate his sentence with the Ninth Circuit.[3] (Doc. No. 148 at 1.) The Ninth Circuit granted Defendant's application for authorization to file a second or successive section 2255 motion on November 1, 2016. (Doc. No. 152.)

In the pending motion, Howard argues that (1) the Supreme Court's June 25, 2015, decision in Johnson v. United States, 135 S. Ct. 2551 (2015), nullified the residual clause in the definition of violent felony in ACCA; (2) Johnson applies retroactively; (3) without the residual clause, California robbery is not a violent felony as defined by ACCA; and (4) without his convictions for California robbery serving as predicate violent felonies, he is not subject to ACCA's enhanced sentencing scheme, but rather the 10-year statutory maximum generally imposed for violations of the felon-in-possession statute.[4] See 18 U.S.C. § 924(a)(2).

---

[2] A defendant seeking relief under section 2255 must file a motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). As Howard filed his motion within one year of Johnson, which recognized the right he seeks to assert, the motion is timely.

[3] Since the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996, defendants are restricted to a single section 2255 motion. United States v. Lopez, 577 F.3d 1053, 1060–61 (9th Cir. 2009). A defendant who wishes to file a second or successive section 2255 motion must first seek permission from the court of appeals. Id.; 28 U.S.C. § 2255(h); 28 U.S.C. § 2244.

[4] Howard also makes arguments under 18 U.S.C. § 924(c), but the court does not reach those issues for the reasons discussed in section II.C., below.

## DISCUSSION

Howard argues that, post-Johnson, ACCA's sentencing enhancement does not apply, meaning his 327-month sentence for being a felon-in-possession far exceeded the 10-year statutory maximum generally applicable to such violations.

### I.   Legal Standards

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. If the court determines that relief is warranted under section 2255, it must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. § 2255(b).

### II.   Analysis

Howard asserts that, excised of its residual clause, ACCA's definition of violent felony does not encompass convictions for California robbery, and therefore he does not have the requisite three predicate felony convictions to justify application of ACCA.

#### A.   Procedural Default

Before turning to the merits of Howard's claim, the court must determine whether Howard has procedurally defaulted his section 2255 motion by failing to appeal his sentence. The general rule is that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). The court finds that cause and prejudice both exist in this case.

##### 1.   Cause

The Supreme Court has held that cause is established when "the factual or legal basis for a claim was not reasonably available to counsel" at the time a direct appeal could have been filed. Murray v. Carrier, 477 U.S. 478, 488 (1986). Thus, there is no

procedural default based on a failure to file a direct appeal if the appeal "would have been futile, because a solid wall of circuit authority" precluded that appeal.  English v. United States, 42 F.3d 473, 479 (9th Cir. 1994) (internal quotations and citations omitted); see also Kimes v. United States, 939 F.2d 776, 778 (9th Cir. 1991) (holding that failure to object to a jury instruction was not fatal to a section 2255 motion because well-settled law precluded the claim at the time).

Here, Johnson expressly overruled prior Supreme Court cases upholding ACCA's residual clause.  See James v. United States, 550 U.S. 192 (2007); Sykes v. United States, 131 S. Ct. 2267 (2011).  Thus, before Johnson, vagueness challenges to the residual clauses in ACCA were foreclosed by clear Supreme Court precedent.  Accordingly, Howard has demonstrated cause for his procedural default.

### 2.    Prejudice

Howard must also demonstrate prejudice by showing that the alleged error "worked to his actual and substantial disadvantage . . . ."  United States v. Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007).  In this case, Howard received a sentence of 327 months for Count 3 and the same for Count 4, to run concurrently.  Had ACCA not applied, Howard would have received a sentence of 120 months for Count 3 and the same for Count 4, to run concurrently.[5]  This error undoubtedly prejudiced Howard.

### B.    ACCA

ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

---

[5] The statutorily imposed 10-year sentences for each of Counts 3 and 4 must run concurrently.  See United States v. Keen, 104 F.3d 1111, 1120 (9th Cir. 1996), as amended on denial of reh'g (Jan. 2, 1997).

18 U.S.C. § 924(e)(1).

The term "violent felony" means "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B).  Section 924(e)(2)(B)(i) is typically referred to as the "force" or "elements" clause.  The first portion of section 924(e)(2)(B)(ii), which lists the four enumerated offenses, is typically referred to as the "enumerated offenses" clause.  And the second portion of section 924(e)(2)(B)(ii), beginning with the words "or otherwise," is typically referred to as the "residual clause."  Thus, when Howard was sentenced, there were three ways a conviction could qualify as a violent felony: (1) under the force/elements clause, (2) as a match for one of the four enumerated offenses, or (3) under the residual clause.

### 1.     **Johnson Invalidated the Residual Clause**

In Johnson, the Supreme Court held the residual clause unconstitutional under the void-for-vagueness doctrine, which is mandated by the Due Process Clauses of the Fifth and Fourteenth Amendments.  The void-for-vagueness doctrine prohibits the government from imposing sanctions "under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Johnson, 135 S. Ct. at 2556.  The Court observed that federal courts faced "pervasive disagreement" over how the ACCA's residual clause should be interpreted, and therefore determined that it could not be reconciled with that prohibition. Id. at 2560.  For these reasons, Johnson held that "increasing a defendant's sentence under the [residual] clause denies due process of law." Id. at 2557.

### 2.     **Johnson Applies Retroactively**

The next year, the Supreme Court held that Johnson applies retroactively to ACCA cases. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).  There, the Supreme Court noted that while "new constitutional rules of criminal procedure will not be applicable to

those cases which have become final before the new rules are announced," "two categories of decisions . . . fall outside this general bar . . . ." Id. at 1264 (citing Teague v. Lane, 489 U.S. 288, 310 (1989)).  "First, new substantive rules generally apply retroactively."  Id. (quotations and alterations omitted).  "Second, new watershed rules of criminal procedure, which are procedural rules implicating the fundamental fairness and accuracy of the criminal proceeding, will also have retroactive effect."  Id. (quotations omitted).  The Court held that Johnson "announced a substantive rule that has retroactive effect in cases on collateral review."  Id. at 1268.

### 3.    California Robbery Does Not Fall Within the Remaining Definition of Violent Felony.

Although Johnson invalidated ACCA's residual clause, the Supreme Court made clear that its decision did "not call into question . . . the remainder of [ACCA's] definition of a violent felony."  135 S. Ct. at 2563.  Thus, the court must still determine whether Howard's conviction for California robbery, defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear," Cal. Penal Code § 211, remains a violent felony under the force/elements or enumerated offenses clause.

Without the residual clause, ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year, that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, [or] involves use of explosives."

Obviously California robbery is not one of the enumerated offenses.  The question, then, is whether California robbery fits within the force/elements clause.  The Ninth Circuit recently answered this question, holding that it does not.  In United States v. Dixon, 805 F.3d 1193, 1199 (9th Cir. 2015), the Ninth Circuit applied the categorical approach announced by the Supreme Court in Taylor v. United States, 495 U.S. 575 (1990), and Descamps v. United States, 133 S. Ct. 2276 (2013), to determine that California robbery is not categorically a violent felony under ACCA.  805 F.3d at 1198.

The court reached that conclusion after observing that a person can be convicted for California robbery for conduct that (a) does not fit within the generic definition of extortion, and thus does not fall within the enumerated offenses clause, and (b) results from the accidental or negligent use of force, and thus does not fall within the force/elements clause.  Id. at 1197.

Having determined that California robbery was not a categorical fit, the court next considered whether California robbery was divisible.  If a state statute is divisible, the district court may take into consideration certain documents, such as charging documents or a plea agreement, to determine whether the defendant was convicted of violating a prong of the statute that meets ACCA's definition of violent felony.  Id. at 1196.  The court had "little trouble finding that [California robbery] is not divisible."  Id. at 1198.  The court summed up as follows: "Because [California robbery] criminalizes conduct not included in the ACCA's definition of 'violent felony' and is not divisible, a conviction for [it] cannot serve as a predicate 'violent felony' conviction for the application of a mandatory minimum sentence under the ACCA."  Id. at 1199.[6]

_____

[6] The Government argues that, even though California robbery is not a divisible statute, the court may take note of the fact that Howard's convictions were enhanced under California Penal Code section 12022 for use of a firearm, which would make his commission of the crime a violent felony.  The court cannot accept this argument for at least two reasons.  First, the Government did not submit any conviction documents showing that Howard's convictions contained section 12022.5 enhancements, and Ninth Circuit "precedent is clear that a district court may not rely on a PSR's factual description of a prior offense to determine whether the defendant was convicted of a crime of violence . . . ."  United States v. Castillo-Marin, 684 F.3d 914, 919 (9th Cir. 2012).  Second, and more importantly, section 12022 "enhancements are punishments for a crime, not elements of it."  United States v. Heflin, 195 F. Supp. 3d 1134 (E.D. Cal. 2016) (collecting California cases); see also People v. Izaguirre, 42 Cal. 4th 126, 128 (2007) (stating "enhancements are not legal elements of the offenses to which they attach").  Presumably for this reason, the Ninth Circuit recently "declined to examine the sentence enhancement" to transform a defendant's conviction for an indivisible California statute from a non-crime of violence to a crime of violence.  Ramirez v. Lynch, 810 F.3d 1127, 1135 n.2 (9th Cir. 2016).

### 4.    Applying **Johnson** and **Dixon**

If California robbery was a divisible statute, an evaluation of the record in this case would very likely reveal that Howard's conduct involved physical force sufficient to satisfy ACCA's definition of violent felony.  But, for better or worse, <u>Dixon</u> simply forecloses that evaluation.  In short, then, Howard's convictions for California robbery do not fit under the residual clause after <u>Johnson</u>, do not fit under the force/elements clause after <u>Dixon</u>, and never fit under the enumerated offenses clause.  And absent those convictions, Howard does not have three prior convictions that justify applying ACCA's sentencing scheme.  As a result, Howard is entitled to resentencing.

### C.    924(c)

Howard argues that, along with invalidating ACCA's residual clause, <u>Johnson</u> must also serve to invalidate the similarly worded residual clause of 18 U.S.C. § 924(c) ("section 924(c)").  Howard asserts that if this is so, armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) is not a "crime of violence" under section 924(c) and his sentence to Count 2 cannot stand.

The court need not reach this issue for two reasons.  First, notwithstanding the fate of section 924(c)'s residual clause, armed bank robbery is a crime of violence under section 924(c)'s elements clause.  <u>United States v. Wright</u>, 215 F.3d 1020, 1028 (9th Cir. 2000) ("The crime of using or carrying a firearm during a crime of violence requires proof of an underlying predicate offense—that is, a crime of violence—during which a firearm was used or carried.  18 U.S.C. § 924(c)(3) defines a crime of violence for purposes of § 924(c) as a felony that has as an element the use, attempted use, or threatened use of physical force against the person or property of another.  Armed bank robbery qualifies as a crime of violence because one of the elements of the offense is a taking by force and violence, or by intimidation." (citation omitted).); <u>see also</u> <u>United States v. Selfa</u>, 918 F.2d 749, 751 (9th Cir. 1990) (holding that bank robbery—armed or unarmed—is a crime of violence under the elements clause of the United States Sentencing Guidelines career offender provisions).

Second, because Howard has already served more than 23 years—well over the sum of the 10-year statutory maximum prescribed for non-ACCA violations of the felon-in-possession statute, see 18 U.S.C. § 924(a)(2), and the 5-year term imposed for his conviction under section 924(c), see U.S.S.G. § 2K2.4(a) (1994) ("If the defendant, whether or not convicted of another crime, was convicted under 18 U.S.C. 844(h), 924(c), or 929(a), the term of imprisonment is that required by statute.")—resolving this question is unlikely to affect Howard's term of imprisonment.

## CONCLUSION

For the foregoing reasons, the court grants Howard's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[7]  The court directs counsel for Howard and the Government to coordinate schedules and promptly contact chambers to set a status hearing.  At the hearing, the parties should be prepared to discuss the necessity and suitability of a resentencing hearing given the sentence already served.

IT IS SO ORDERED.

DATED: February 16, 2017

JEFFREY T. MILLER
United States District Judge

---

[7] As resolution of Lynch v. Dimaya, No. 15-1498, 137 S. Ct. 31 (Sep. 29, 2016), which is currently pending before the Supreme Court, does not impact Howard's case, the court denies the Government's motion to stay as moot.  (Doc. No. 160.)